UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.                                                          CRIMINAL ACTION NO. 3:24-CR-25-BJB
*Electronically Filed*

CORTEZ EDWARDS                                                                           DEFENDANT

## RESPONSE TO MOTION TO SUPPRESS

Cortez Edwards (Defendant) asks the court to suppress all the firearm and drug evidence against him resulting from a protective sweep performed incident to an in-home arrest at his house on September 20, 2023 (DN, 18, Motion to Suppress). As grounds for his request, Defendant claims the Marshals who conducted his arrest exceeded the scope of the arrest warrant because there was no basis to perform a protective sweep, and accordingly the results of the search should be suppressed pursuant to *Maryland v. Buie*, 494 U.S. 325 (1990). Defendant fails to recognize that protective sweeps cannot be evaluated on specific facts alone but must be justified through the totality of the circumstances and the officer's subjective fear for their safety.

The United States opposes the Defendant's Motion to Suppress. The burden of proving the legitimacy of the protective sweep belongs to the United States. *United States v. Akrawi*, 920 F.2d 418, 421 (6th Cir. 1990). The United States is prepared to satisfy this burden and distinguish this case from the facts and circumstances set forth in *United States v. Archibald* cited by defendant. The Court has scheduled an evidentiary hearing which will be held on July 30, 2024. At the hearing, the United States will offer evidence in the form of testimony and the police body cam footage depicting the arrest and protective sweep performed in this case. For the Court's

convenience, the United States will provide copies of the footage from both body cams separately in advance of the hearing (Exhibits 1 & 2).

The purpose of a protective sweep is to ensure the safety of the officers during an in-home arrest. An officer is permitted to sweep beyond the areas immediately adjoining the arrest location if the officers have "articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene." *Maryland v. Buie*, 494 U.S. 325, 334 (1990). When deciding if an officer acted reasonably, "due weight must be given, not to [the officer's] inchoate and unparticularized suspicion or 'hunch,' but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience." *United States v. Atchley*, 474 F.3d 840, 847 (6th Cir. 2007) (quoting *Terry v. Ohio*, 392 U.S. 1, 27 (1968) (internal quotation marks omitted).

At the hearing, the United States will show that the protective sweep was valid pursuant to *Maryland v. Buie* and the evidence should not be suppressed.   Following the hearing, the United States will be prepared to provide additional briefing citing to the record.

                    Respectfully submitted,

                    MICHAEL A. BENNETT
                    United States Attorney

*/s/ Robert B. Bonar*

Robert B. Bonar
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky  40202
Email: robert.bonar@usdoj.gov
PH: (502) 582-5911

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 10, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

Robert B. Bonar
Assistant U.S. Attorney